UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AARON MARTINEZ,

                          Petitioner,

      -against-                                        9:17-CV-428 (LEK)

New York State Department of Corrections
and Community Supervision,

                          Respondent.

## **ORDER**

Petitioner Aaron Martinez filed a motion to stay his petition for a writ of habeas corpus so that he may "properly exhaust all other remedies." Dkt. No. 11 ("Motion"). Respondent opposes the Motion. Dkt. No. 12. When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. Rhines v. Weber, 544 U.S. 269, 275–76 (2005). This "stay-and-abeyance procedure" is appropriate where (1) "good cause" exists for the petitioner's failure to "exhaust his claims first in state court"; and (2) the petitioner's unexhausted claims are not "plainly meritless." Id. at 275, 277.

Petitioner's Motion states only that he is "asking for a stay in judgment until [he] can properly exhaust all other remedies." Mot. Petitioner does not state what claim(s) he seeks to exhaust, whether there are any state court proceedings currently pending, and, if so, the nature or procedural posture of any such proceedings. Moreover, Petitioner does not allege any basis for the Court to conclude that there exists good cause for his failure to exhaust the unidentified

claim(s) sooner. Because the Court cannot determine that good cause exists for Petitioner's failure to exhaust his claims, his Motion to Stay is denied without need to determine whether his unexhausted claims are plainly meritless. See McNeil v. Capra, No. 13-CV-3048, 2015 WL 4719697, at *2 (S.D.N.Y. Aug. 7, 2015) (adopting report-recommendation denying petitioner's motion for a stay where petitioner "failed to provide any information concerning his failure to previously exhaust the proposed claim," rendering a determination of good cause impossible).

The Court notes that, after Respondent filed its answer, Dkt. No. 7 ("Answer"), to the Petition, Dkt. No. 1 ("Petition"), the Court gave Plaintiff the opportunity to file a reply on or before September 5, 2017. Dkt. No. 10 ("Text Order"). Petitioner filed his Motion to Stay on August 18, 2017. In light of Petitioner's pro se status, the Court sua sponte grants Petitioner an extension of time to file a reply in which he may address the arguments raised by Respondent in its Answer and Memorandum of Law, Dkt. No. 7-1, outlined below.

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Motion (Dkt. No. 11), is **DENIED**; and it is further

**ORDERED**, that Petitioner may, but is not required to, file a reply to Respondent's Answer on or before October 30, 2017. The reply shall not exceed fifteen pages in length, including exhibits. Petitioner is advised that the arguments contained in the reply shall be limited to addressing the arguments raised by Respondent in its Answer (Dkt. No. 7) and Memorandum of Law (Dkt. No. 7-1) in opposition to the Petition. The Court will NOT consider any new grounds for relief or other legal theories asserted by Petitioner in his reply that were not previously asserted in his petition; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	October 04, 2017
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge